# CRIMINAL DOCKET U.S. District Court

FORM AO-256 REV. 1-82

| | | | | |
|---|---|---|---|---|
| PO ☐ | 417 | 4 | Assigned 1706 | |
| Misd ☐ | | | Disp Sentence | |
| Felony ☒ | District | Off | Judge/Magistr | |

☐ WRIT  ☐ JUVENILE  ☐ ALIAS

U.S. vs ~~JOHN DOE~~ Donald Taylor Nicholson a/k/a Donald T. ~~Nelson~~ a/k/a Donald T. Nelson

OFFENSE ON INDEX CARD ▶ narcotic violation

Case Filed: Mo 06 Day 10 Yr 86  Docket No 000028  Def 23

No of Def's 33  U.S. MAG CASE NO

## I. CHARGES

| US TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM NG | GUILTY NOLO |
|---|---|---|---|---|
| 21§952(a) & 960 18§2 | Importation of schedule I non-narcotic controlled substance (marihuana) and aiding & Abetting Cts. 1&3 | 2 | X | |
| 21§846, 18§ 2 | Attempt to possess with intent to distribute schedule I non-narcotic controlled substance (marihuana) and aiding and abetting Ct. 2 | 1 | X | |
| 21§841(a)(1), 18§2 | Possession with intent to distribute schedule I non-narcotic controlled substance and aiding and abetting Ct. 4 | 1 | X | |

SUPERSEDING COUNTS

☐ JURY  ☐ N J

## II. KEY DATE

INTERVAL ONE — KEY DATE — EARLIEST OF:
☐ arrest
☐ summons
☐ custody
☐ appears on complaint

END ONE AND/OR BEGIN TWO — KEY DATE 06-10-86 APPLICABLE:
☒ Indictment filed/unsealed
☐ consent to Mgr trial on complaint
☐ Information
☐ Felony Waiver

KEY DATE 8-19-86  7/8/86

☒ 1st appears on pending charge /R40
☐ Receive file R20/21
☒ Supsdg ☒ Ind ☐ Inf

END INTERVAL TWO — KEY DATE:
☐ Dismissal
☐ Pled guilty — After N.G.
☐ Nolo — After no.o
☐ Trial (voir dire) began

| 1st appears with or waives counsel | ARRAIGNMENT 8-19-86 | 1st Trial Ended | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE | SENTENCE DATE | PTD ☐ Nolle Pros. | FINAL CHARGES DISMISSED ☐ on S T grounds ☐ WP ☐ WOP | on def motion on gov't motion |

---

| US TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM NG | Guilty |
|---|---|---|---|---|
| | **SUPERSEDING INDICTMENT** | | | |
| 21§952(a) & 960 18§2 | Importation of schedule I non-narcotic controlled substance (marihuana) and aiding & Abetting Cts. 1&3 | 2 | | |
| 21§846, 18§ 2 | Attempt to possess with intent to distribute schedule I non-narcotic controlled substance (marihuana) and aiding and abetting Ct. 2 | 1 | | |
| 21§841(a)(1), 18§2 | Possession with intent to distribute schedule I non-narcotic controlled substance and aiding and abetting Ct. 4 | 1 | | |
| 18§1952(a) & 2 | Interstate travel in aid of racketeering and aiding and abetting - Ct. 23 | 1 | | |

PRE-INDICTMENT

## IV. NAMES & ADDRESSES OF ATTORNEYS, SURETIES, ETC.

J. DOUGLAS McCULLOUGH

Rule 20 Out

Defense  1 ☐ CJA.  2 ☐ Ret  3 ☐ Waived.  4 ☐ Self.  5 ☐ Non/Other.  6 ☐ PD  7 ☐ CD

1040 Ave. B.
Katy, Tex. 77449

~~(Pvt) Dan B. Gerson~~
~~2502 Fannin~~
~~Suite 100~~
~~Houston, Texas 77002~~  order 11-4-86

~~pass~~
A.R. Johnston
~~17767 Katy Freeway~~
~~#1000~~
~~Houston, Tex. 77079~~

No days up 10/28/86    T.D. 10/14/86.

Release Date
Bail ☐ Denied  ☐ Fugitive  ☐ Pers. Rec
AMOUNT SET  ☐ PSA
$
Date Set
Conditions
☐ 10% Dep
☐ Surety Bnd
☐ Bail Not Made  ☐ Collateral
Date Bond Made  ☐ 3rd Prty
☐ Other

POST-INDICTMENT

Release Date
Bail ☐ Denied  ☐ Fugitive  ☐ Pers. Rec
AMOUNT SET  ☐ PSA
$ 75,000
Date Set 07/02/86
Conditions
☒ 10% Dep
☐ Surety Bnd
☐ Bail Not Made  ☐ Collateral
Date Bond Made 07/02/86  ☐ 3rd Prty
☐ Other

S.D. Texas
APPEALS FEE PAYMENTS

FINE AND RESTITUTION PAYMENTS

| DATE | RECEIPT NUMBER | CD NUMBER | DATE | RECEIPT NUMBER | CD NUMBER |
|---|---|---|---|---|---|
| | | | | | |

Docket Entries Begin On Reverse Side

| DATE / DOCUMENT NO. | Yr | Docket No | Def | MASTER DOCKET - MULTIPLE DEFENDANT CASE / PROCEEDINGS DOCKET FOR SINGLE DEFENDANT | PAGE __ OF __ | VI EXCLUDABLE DELAY Start Date / End Date | Ltr Code | Total Days |
|---|---|---|---|---|---|---|---|---|
| | 86 | 00028 | 23 | | | | | |



## V. PROCEEDINGS

**JOHN DOE**

| Date | Proceeding | Details |
|---|---|---|
| 6-3-86 | MOTION TO SEAL INDICTMENT | |
| 6-4-86 | ORDER OF SEALING | -Ordered sealed for 7 days unless time extended - Clerk unseal the indict. at 4 P.M. on 6/10/86. May unseal indictment to issue warrants for defts. and provide copies to U.S. Magistrates conducting I.A. and U.S. Atty. (McCotter, Mag.) |
| 6-6-86 | REQUEST FOR ISSUANCE OF WARRANT by U.S. Atty. | -detention requested |
| 6-6-86 | ISSUED WARRANT FOR ARREST | - detention recommended by U.S. Atty - origl. & 1 cy. U.S. Marshal |
| 6-10-86 | INDICTMENT | - 1c: Judge Britt, Mag. Dixon New BErn Div. Office |
| 6-11-86 | MOTION FOR EXEMPLARS by Govern. | - 1c: Mag. Dixon w/prop. Order |
| 6-16-86 | ORDER | that each deft. shall appear at the office of the U.S. Atty., Raleigh, N.C. during normal working hours upon a minimum of three (3) days notice. Further ORDERED that each deft. at that time shall provide an exemplar of his usual handwriting without distortion and major case prints. It is FURTHER ORDERED that the U.S. Atty. make available to each deft. the results of any tests, comparisons, etc. conducted as a result of securing the exemplars and prints. (Mag. Dixon) Cys. dist. to U.S. Atty. & Deft's counsel per: Mag. Dixon. CR. O.B. #4, P. 299. jp |
| 7-8-86 | SUPERSEDING INDICTMENT | 1c: Judge Britt, Mag. Dixon and New Bern Clerk's Office & U.S. Atty. |
| 7-8-86 | ORDER | dismissing the original Indictment for the reason that a Superseding Indictment was filed on 7-8-86 - (Judge Britt) Cys. dist. CR. O.B.#4, P. 327. |
| 7/21/86 | RECEIVED MAGISTRATE PAPERS- | from S.Dist. of Texas; Appearance Bond in sum of $75,000., deposited $5,000., signed 7/2/86; Order of Release; Affidavit of Ownership of Security for appearance Bond., with travel restrictions; (Financial deputy does not have $5,000.) sm |
| 7-15-86 | RETURN ON WARRANT FOR ARREST- | Received & Date of Arrest 6/30/86 Executed and signed by James Conway, FBI Arresting Officer- SDUSM by: Lela Lewis Ent. 7/31/86 |





LETTER CODES (for identifying periods of excludable delay per 18 USC 3161 (h) Sections in brackets)

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 8-8-86 | ISSUED NOTICE TO APPEAR -now set for arraignment on Tuesday, August 19, 1986, at 10:30 A.M.... in New Bern N.C. before U.S. Magistrate lc: U.S. Atty, & Mr. Gerson and Mr. Johnston | | | | |
| 8-22-86 | **REQUEST FOR NOTICE OF ALIBI DEFENSE** -Pursuant to Rule 12.1, Federal Rules of Criminal Procedure the Gov't hereby request that each deft. listed in the request as provided in Rule 12.1(a), shall give prompt notice of alibi defense (lc J. Britt) Cert. of Serv. Attached   Etn. 8-26-86 | | | | |
| 8-21-86 | **ISSUED NOTICE TO APPEAR**   case set for Jury Trial on Monday, Sept. 8, 1986 at 9:00 a.m. in Fayetteville, N.C. before Judge Britt - lc: U.S. Atty. lc: Counsel of Record | | | | |
| | ORDER - **case is continued from 9/8/86 to 10/14/86 Session at Raleigh excludable under 18:3161(h)(8) (Britt, J) Cr. OB#4, P. 371** lc: U.S. Atty, U.S. P. O., U.S. Marshal, Mag. Dixon and Mr. Gerson | 9-8-86 / 10-14-86 | 36 | | |
| 8-28-86 | **ISSUED NOTICE TO APPEAR** - set for status and pre-trial conference - Rule 17.1 before Mag. Dixon on 9/18/86 at Raleigh at 10 A.M. in Courtroom No. 2. lc: Mag. Dixon, U.S. ATty., U.s. P. O., U.S. Marshal, Joyce Todd, Court Reporter and Mr. Gerson | | | | |
| 8-19-86 | **ARRAIGNMENT** - New Bern - McCotter Plea of NG/J Bond executed in TExas continued Attorney advised to associate local counsel w/n 10 days. | | | | |
| 8-22-86 | **PRE-TRIAL SCHEDULING ORDER** - pre-trial conference by 9-8-86 - motion by 9/18/86 - respnses by 9/29/86. (Dixon, Mag.) cys. distr. | | | | |
| 9/18/86 | STATUS CONFERENCE held @ Raleigh; ct. reporter Donna Tomawski; ETT: 2 weeks; motion filing time extended to 9/25/86; Ct. will enter written ruling re pending motions; **local counsel requirement waived by court** | | | | |
| 9/24/86 | GOVERNment's ANSWER TO DEFENDANT'S PRE-TRIAL MOTIONS- by the U. S.Atty's Office; cs attached; cy to Mag. Dixon | | | | |
| 9-22-86 | **DEFT'S MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL**- w/cs lc: Judge Britt **DEFT'S MOTION FOR PRODUCTION OF INFORMATION FAVORABLE TO THE DEFENSE** - w/cs lc: Judge Britt **DEFT'S MOTION TO EXCLUDE HEARSAY**-w/cs lc: Judge Britt | | | | |

| DATE | PROCEEDINGS (continued) <br> (Document No.) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| 9-22-86 | **DEFT'S MOTION FOR INFORMATION REGARDING PRIOR OR SUBSEQUENT BAD ACTS** - w/cs 1c: Judge Britt <br> **DEFT'S MOTION TO INCORPORATE AND ADOPT MOTIONS OF CO-DEFENDANTS** w/cs - 1c: Judge Britt <br> **DEFT'S MOTION IN LIMINE** - w/cs - 1c: Judge Britt <br> **DEFT'S MOTION FOR PRODUCTION AND DISCOVERY OF EVIDENCE**-w/cs - 1c: Judge Britt <br> **DEFT'S MOTION IN LIMINE(re: $49,750.00 and weapon)** - w/cs - 1c: Judge Britt <br> **DEFT'S MOTION TO SUPPRESS EVIDENCE** - w/cs - 1c: Judge Britt <br> (ORIGINAL ORDERS SENT WITH THE MOTIONS TO JUDGE BRITT) | | | | |
| 9/26/86 | **REPORT ON HEARING AND ORDER**-the government is **ORDERED** to provide the defendants with Rule 16(a)(1)(A) statements; with Rule 16(a)(1)(B) prior criminal records; with Rule 16(a)(1)(C) documents and tangible objects; and, with Rule 16(a)(1)(D) reports of examinations and tests. The government is **ORDERED to** forthwith disclose or produce any evidence which tends to establish any defendant's innocence, to mitigate punishment, or to impeach, discredit or contradict the testimony of any witness whom the government anticipates calling at trial. The government is **ORDERED** to disclose Jencks material on the Friday before the first Monday of the term at which this case is scheduled for jury selection and trial; the government is **ORDERED** to disclose the existence of electronic surveillance in its investigaiton leading to this indictment, the existence of any informants in the case, and the existence of agreements not to prosecute or to recommend leniency in exchange for testimony. The government is **ORDERED** to disclose to any defendant the evidence it intends to use to establish that defendant's participation in other crimes, wrongs, or acts to show motive, opportunity, intent, preparation, et cetera, even if those other acts are outside the indicted charges; motion to retain rough notes is **ALLOWED** in the absence of any opposition; government is **ORDERED** to disclose evedence arguably subject to suppression; the motion for a pre-trial hearing on the admissibility of co-conspirators' statements is **DENIED**; motion for pre-trial disclosure of non-witness interview, prospective witness interviews or reports, memoranda, or other internal documents in connection with the investigation or prosecution of this case is **DENIED**; motion for pre-trial disclosure of grand jury material is **DENIED**; parties are **ORDERED** to exchange witness lists on October; otherwise the motion for pre-trial disclosure of witnesses' identity is **DENIED**; suppression motions are **MOOT** and are **DENIED**; defendants' time for filing motions was extended to Sept. 25; gov't is to respond no later than Wed., Oct. 1, 1986; | | | | |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
|---|---|---|
| | (Document No.) ** | (a) (b) (c) (d) |

9/29/86 — ISSUED ORDER TO APPEAR - Deft. to appear for Jury trial on Tuesday, 10/14/86 at 9:00 A. M... AT RALEIGH, N. C..
    lc: counsel of record                                                 ag

10/2/86 — Hearing on motions to suppress & motion in limine set for
    Thursday, 10/9/86 at 9:00 A. M. before Judge Britt
    Courtroom #2 - Raleigh, N. C.
        lc: U. S. Atty. Mr. Gerson; Ms.Todd; Court reporter & Judge
        Britt

10/3/86 — ORDER-the defendants Steven MIchael Kalish, Phillip Earnest
    Watkins and Donald T. Nichols are to be guided
    by the Court's order of Sept. 26, 1986 in respect
    to discovery and disclosure obligations and any appeal
    options either the defendants or the government may be
    advised to pursue; DIXON, W.W., U.S . MAG.; CR OB #5
    p. 7, cc dist; cy to Judge Britt       ENT: Oct. 3, 1986

10/7/86 — MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
    by U. S. Atty.
    lc: Judge Britt

10/8/86 — WITHDRAWAL OF MOTION TO SUPPRESS - hearing to be held on
    Thursday, 10/9/86 at 9:00 A. M. before Judge Britt
    in Courtroom #2 - Raleigh, N. C.
    lc: U. S. Atty. McCullough & Judge Britt
    also advised U. S. Marshal & Joyce Todd

10-27-86 — MOTION      TO WITHDRAW AS COUNSEL - w/cs U.S. Atty.,
    lc Judge Britt with Proposed order

10/16/86 — Instanter warrant issued - deft. called & failed -
    Deft. to be held w/out privilege of bond
    *Case set for trial 12/8/86 Baley*

11-4-86 — ORDER     The motion of Dan B. Gerson for
                    permission to withdraw as counsel of
                    record for the deft. is allowed.
                    Judge Britt, CR OB # 5, p 51 cys. to
                    U.S. Atty, Mr. Gerson, Probation
                    (ent. 11-4-86)  ms
         MOTION     FOR FORFEITURE OF APPEARANCE BOND
                    lc Judge Britt with proposed order

12-9-86 — ORDER     Upon due consideration of the plaintiff's
                    motion for forfeiture of apperance
                    bond it is ordered that the above
                    named defednant's appearance bond in
                    the sum of $75,000 be and the same
                    is hereby forfeited. Judge Britt
                    CR OB # 5, p 91 cys. dist. (ent.
                    12-9-86)  ms  *[handwritten notation]*

12-11-86 — MOTION   FOR JUDGMENT ON APPEARANCE BOND - cys to
                    U.S. Atty., original order to Judge Britt
                    w/copy

Case 4:86-cr-00028-BR  Document 22  Filed 06/10/86  Page 5 of 8

| DATE | PROCEEDINGS (continued)<br>(Document No.) | V. EXCLUDABLE DELAY |||| 
|---|---|---|---|---|---|
|  |  | (a) | (b) | (c) | (d) |
| 12/15/86 | ORDER - ordered said principal and sureties personally appear before the Honorable Court at Courtroom #- 7th floor, Raleigh, N. C. on 1/5/87 at 2:30 P. M. to show cause if any why judgment on bond forfeiture should not be entered against them.<br>served: Donald T. Nichols; Rayna King; Forest reed; Dan B. Gerson; A. R. Johnson & U. S. Atty. ag |  |  |  |  |
| 12/31/86 | MOTIONTO CONTINUE from 1/5/86 at Raleigh before Judge Britt |  |  |  |  |
| 12/31/86 | ORDER - motion to continue hearing scheduled for 1/5/87 at 2:30 P. M. is continued until rescheduled by court (W. EArl Britt )<br>(Called Tom Swaim this date and advised - per Sharon Hartmon - U. S. Atty's office to get in touch with all necessary parties |  |  |  |  |
| 1/15/87 | ISUED NOTICE TO APPEAR - for Hearing on bond forfeiture to be held on Monday, 2/9/87 at 2:00 P. M. before Judge Britt<br>lc: U. S. Atty.; Dan B. Gerson; Rayna King; Forest Reed; & A. R. Johnson |  |  |  |  |
| 2/9/87 | RESPONSE TO GOVERNMENT'S MOTION FOR JUDGMENT ON APPEARANCE BOND by A. R. Johnston, pro se |  |  |  |  |
| 2/9/87 | Hearing at Raleigh, N. C. on motion for bond forfeiture bond forfeited - C. R. Jo Bush $75,000.00 ( ea. surety to pay $25,000.00) sureties served: A. R. Johnston, Rayna King & Forest Reed |  |  |  |  |
| 2-19- 87 | JUDGMENTON BOND FORFEITURE - It is hereby ordered, adjudged, and decreed that judgment be entere against Forest Reed whoshall be severably liable for $25,000 credit being to given to him for his $2,000 deposit and against Rayna King who shall be severably liable for $25,000 of the $75,000 bond, pursuant to 18 U.S.C., § 3146(d). Both surety A.R. Johnson and U.S. Attorney are directed to submit briefs on the issue of whether or not the automatic stay afforded by 11 U.S.C., § 362 prevents entry of judgment against A.R. Johnson by March 11,1987, whereupon this this judgment shall be amended regarding A.R. Johnson, Judge Britt, CR OB # 5, p 157 lc U.S. Atty., lc Mr. Johnson, lc Rayna King, nd Forest Reed. (ent. 2-24-87) Judge Britt |  | this<br><br><br><br><br><br><br>ms |  |  |
| 9-29-86 ** | DEFENDANT'S<br>-REQUESTED JURY INSTRUCTIONS<br>-REQUEST FOR SPECIFIC VOIR DIRE QUESTIONS TO THE JURY<br>cys. to Judge Britt. |  |  |  |  |
| 3-10-87 | BRIEF: IN RE AUTOMATIC STAY OF 11 U.S.C. §362 - w/exhibits attached. lc: Judge Britt |  |  |  |  |
| 3-11-87 | SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF BOND FORFEITURE by Govern. w/cs. lc: Judge Britt |  |  |  |  |

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|------|----------------------------------------|--------|-----|-----|-----|
| 3/13/87 | ORDER - motion of plaintiff for judgment as to surety, A. R. Johnson, is denied (W. Earl Britt, Judge CR OB #5 P166) cys. dist. 3/13/87) (ent. 3/13/87) 1 cert cy. U. S. Atty. Johnson; RaynaKing & Forest Reed | | | | |
| 12-20-88 | **TRANSCRIPT** of Bond Forfeiture Hearing before the Honorable W. Earl Britt at Raleigh on Monday, February 9, 1987 Volume 1 of 1 - Pages 1 through 15 - C.R. Jo Bush | | jp | | |
| 6/27/89 | MARSHALS RETURN ON WARRANT FOR ARREST OF DEFENDANT - executed 6/8/89 in ED Texas and transported to W. D. La. by U. S. Marshals office - deft. to be tried in La. first - Judy Weinbrenner to check proper procedure w/someone in authority in her office | | ag | | |
| 7/12/89 | Deft. arrested on instanter warrant - taken by Marshals - Western District of La. Deft. has been absconded for over 21 days - when deft. arrives back in this district - he is to receive another 70 days. | | ag | | |
| 9/28/89 | CONSENT TO TRANSFER CASE FOR PLEA AND SENTENCE under Rule 20 to WD/Louisiana, Lafayette Division; cc to AUSA/EDNC, 2 cc ret'd to WD/La | | | | |
| " | MEMORANDUM rec'd requesting transfer of record to WD/La pursuant to Rule 20 | | | | |
| 9/29/89 | Certified copy of entire record forwarded to WD/La along w/JS-3 closing card & docket entries | | bb | | |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | (Document No.) | (a) | (b) | (c) | (d) |